UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

------------------------------------------------------

In re

    MARY E. MITCHELL                                  07-00193 B

                    Debtor                            DECISION & ORDER

------------------------------------------------------

                    Thomas J. Gaffney, Esq.
                    80 West Huron Street
                    Buffalo, New York 14202
                    Trustee

                    David F. Butterini, Esq.
                    2746 Delaware Avenue
                    Kenmore, New York 14217
                    Attorney for the Debtor

Bucki, U.S.B.J.

       The trustee has moved to dismiss this bankruptcy case for the reason that the debtor failed to file all of the payment advices related to employment during the sixty days prior to the filing of her petition. On the grounds stated hereafter, this motion is denied.

       Pursuant to 11 U.S.C. § 521(i)(1), a bankruptcy case "shall be automatically dismissed" whenever "an individual debtor in a voluntary case under chapter 7 or 13 fails to file all of the information required under subsection (a)(1)" of section 521. Subsection (a)(1) includes a requirement that the debtor file "copies of all payment advices or other evidence of payment received within 60 days before the date of the filing of the petition, by the debtor from any employer of the debtor." In the present instance, Mary E. Mitchell filed her petition for relief under chapter 7 of the Bankruptcy Code on January 16, 2007. Then, on February 16, she filed payment advices for wages earned during periods that began on October 26, 2006, and that ended on December 20,

07-00193B                                                                                                                  2

2006. Contending that the debtor was further obliged to file payment advices for the period between December 20 and January 16, the trustee has now moved to dismiss the debtor's petition.

The filed payment advices indicate that Mitchell's employer disbursed its payroll every two weeks for a period that ended two weeks earlier. For example, among the payment advices that Ms. Mitchell has filed with this court, the most recent is dated January 4, 2007, and refers to the payment of salary earned during the period that began on December 7, 2006, and that ended on December 20, 2006. Inasmuch as the employer paid salary every two weeks, the next subsequent payment advice would be distributed on January 18, 2007, a date subsequent to the commencement of Mitchell's bankruptcy.

Section 521(a)(1)(B)(iv) mandates the filing only of those payment advices that the debtor "received within 60 days before the date of the filing of the [bankruptcy] petition." Even though the filed payment advices did not refer to any wages earned during the 27 days immediately prior to commencement of this bankruptcy case, the debtor nonetheless satisfied the requirement to file the payment advices that she received during that period. Hence, the motion to dismiss will be denied. The trustee may still seek the turnover of additional payment advices, but any such turnover obligation will not create a basis for automatic dismissal pursuant to 11 U.S.C. § 521(i).

So ordered.

Dated:      Buffalo, New York                           /s/     CARL L. BUCKI
            April 27, 2007                                      U.S.B.J.